UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1844-GW(KSx)<br>**CV 18-2693-GW(KSx)** | Date | September 10, 2018 |
|---|---|---|---|
| Title | *BlackBerry Limited v. Facebook, Inc. et al*<br>*BlackBerry Limited v. Snap Inc.* | | |

Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| James R. Asperger | Matthew J. Brigham - Facebook |
| Jordan R. Jaffe | Elizabeth L. Stameshkin |
| Ray R. Zado | Yar R. Chaikovsky - Snap, Inc. |
| | Chad J. Peterman |

PROCEEDINGS:       SCHEDULING CONFERENCE


The Court's Tentative Re Parties' Scheduling Disputes is circulated and attached hereto. Court and counsel discuss scheduling. The Court continues the scheduling conference to September 27, 2018 at 8:30 a.m., with each side filing their position by September 21, 2018.

                                                                  :        10

Initials of Preparer    JG

***BlackBerry Limited v. Facebook, Inc. et al***, 2:18-cv-01844
***BlackBerry Limited v. Snap Inc.***, 2:18-cv-02693
*Re Parties' Scheduling Disputes*

- 26(f) Report
    - o Competing case schedules
        - ▪ RECOMMENDATION:
            - • Agree with BlackBerry's case schedule proposal (more closely tracks Judge Guilford's PLR requirements and provides more time for upfront claim construction discovery; also requires claim construction expert reports must be disclosed earlier)
            - • However, it is noted the parties may submit rebuttal expert reports with their responsive claim construction briefs
            - • Further, even though Judge Guilford's PLRs set a final deadline for the service of final contentions, each party still has an obligation over the course of discovery to submit timely amended versions of their contentions if/when new information related to those contentions is discovered.  In other words, like any discovery disclosure, each party has an ongoing duty to supplement its contentions up until the time final contentions are due (failure to abide by this duty is more likely to result in inadequate delineation of final contentions due to a lack of diligence)
    - o Competing case narrowing procedures
        - ▪ RECOMMENDATION:
            - • Agree with BlackBerry's proposal regarding initial claim narrowing (identification can be made after claim construction discovery, need not be done earlier; no more than 15 asserted claims/patent and 48 total; no more than 18 asserted prior art references/patent and 60 total w/in 14 days of BlackBerry's election)
            - • Agree with Defendants' proposal regarding instituting a final election (28 days after claim construction order, no more than five asserted claims/patent and no more than 18 claims total; 14 days later six asserted prior art references/patent and no more than 27 references total)
    - o Consolidation
        - ▪ Defendants do not agree to consolidation for pretrial purposes because there are non-overlapping patents in dispute and different accused products.
        - ▪ RECOMMENDATION:
            - • Pretrial consolidation of these matters would be less burdensome on the Court.  At a minimum, some sort of procedures need to go into place to avoid the type of "messy" 101 briefing that occurred

at the motion to dismiss stage (just having the parties file all their briefing in a single case would be helpful, as would an identification of what issues are relevant to just one defendant and not the others, instead of forcing the court to have to flip back and forth between the cases/papers to figure it out).  For instance, the parties' 26(f)s are essentially the same, but they're filed separately in the two cases w/out indicating overlapping case captions)

- With consolidation, if an issue/dispute is only relevant to some, not all, of the defendants, the relevant defendants will not be precluded from individually addressing the issue.

o Protective Order Dispute

▪ Dispute #1: use of source code

- Parties still cannot agree on the extent to which the other party can make copies of source code, although they have gotten closer in their proposals.  Defendants' proposal remains more restrictive, while Plaintiff's proposal is a little more forgiving.
- The Court in inclined to go with Defendants' proposal, except adding the terms "deposition exhibit/transcript" to Defendants' alternative list of materials where source code may be used without express preliminary permission.  The Court would also: (1) delete the language "only to the extent necessary" in Defendants' proposal and the phrase "only such excerpts of Source Code as are reasonably necessary for the purposes for which such part of the Source Code is used" as creating too much subjective ambiguity; and (2) delete the language "including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored" UNLESS it's clarified that this language refers to those *other than* attorneys/staff for the defendants' law firms.
- *For this dispute, the Court would specifically ask Snap why it would require that its source code be only used in a limited fashion and be encrypted/logged when used, given that it has previously represented its source code is publicly available.

▪ Dispute #2: "gossip"

- Parties dispute whether the following language should be included in the protective order: [DEFENDANTS' PROPOSAL: Notwithstanding the foregoing, the existence of unconfirmed information in the public domain, such as rumors or speculation as to the existence or operation of a product, even if consistent with Protected Material, shall not affect the status of information that is otherwise protectable as Protected Material.]
- This Court is inclined to omit this language as it is confusing, and unhelpful.