UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:18-cv-01844-GW-KS (Lead), 2:18-cv-02693-GW-KS     Date: August 20, 2019

Title    *BlackBerry Limited v. Snap, Inc.*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|   Gay Roberson   |   |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:   (IN CHAMBERS) ORDER RE: TELEPHONIC CONFERENCES ON DISCOVERY DISPUTES [Case No. CV 18-1844-GW (KSx), Dkt. Nos. 291, 292]**

**RELEVANT BACKGROUND**

Blackberry commenced this patent infringement action against Snap on April 3, 2018. (Case No. CV 18-2693-GW (KSx), Dkt. No. 1.) The Complaint alleges that Snap infringed BlackBerry's Patent Nos. 8,825,084, 8,326,327, 8,301,713, 8,209,634, and 8,676,929 (the "Patents-in-Suit") that cover, among other things, innovations in mobile messaging interface for mobile devices and mobile advertising technology. (Complaint at ¶¶ 1-6.) Because the Court provided a detailed summary of BlackBerry's patent allegations regarding the technology at issue in its Order regarding BlackBerry's Motion to Compel Production of ESI (*see* Case No. CV 18-1844-GW (KSx), Dkt. No. 329) the Court will not repeat that summary here.

On September 27, 2018, the Court consolidated this case with two other pending patent infringement actions brought by BlackBerry involving its mobile messaging and advertising technologies, *Blackberry Ltd. v. Facebook et al.*, Case No. 18-cv-01844-GW-KSx (Lead Consolidated Case) and *BlackBerry Ltd. v. Twitter, Inc*, Case No. 19-cv-01844.[1]  On April 5, 2019, the Honorable George H. Wu issued the *Corrected* Final Ruling on Claim Construction/*Markman*. (Dkt. No. 157.)  On July 12, 2019, Judge Wu extended the deadline for the completion of fact discovery to August 30, 2019. (Dkt. No. 233.)

---

[1]    All citations are to the *Facebook* Case (No. CV 18-1844-GW (KSx)) unless otherwise noted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:18-cv-01844-GW-KS (Lead), 2:18-cv-02693-GW-KS     Date: August 20, 2019

Title  *BlackBerry Limited v. Snap, Inc.*

### INTRODUCTION

On August 2, 2019, the Court held a telephonic discovery conference with counsel for Plaintiff/Counter Defendant BlackBerry Limited ("BlackBerry") and Defendant/Counter Claimant Snap Inc. ("Snap") regarding: (1) Snap's concerns about the adequacy of Blackberry's document production; and (2) Snap's contentions that BlackBerry's Rule 26(f) Initial Disclosures on damages and its response to an interrogatory regarding its damages are inadequate. (*See* Case No. CV 18-1844-GW (KSx), Dkt. No. 274.) Following discussion with the parties, the Court directed the parties to submit letter briefs setting out their position regarding the adequacy, or lack thereof, of Plaintiff's damages disclosures. (*Id.*)

On August 9, 2019, pursuant to the Court's direction, Snap submitted its Letter Brief regarding the inadequacy of BlackBerry's damages disclosures ("Snap Letter Br."). (Dkt. No. 291.) On the same date, Blackberry likewise submitted a Letter Brief ("BlackBerry Letter Br.") stating its position as to the adequacy of its Initial Disclosures on damages and its response to Snap's Interrogatory No. 6. (Dkt. No. 292.)

On August 14, 2019, the Court held a further discovery conference on the Blackberry document production and damages issues and also addressed BlackBerry's assertions that Snap's responses to BlackBerry's Special Interrogatory No. 12 concerning damages and Snap's responses to BlackBerry's Request for Production of Documents ("RFPs") No. 5, 80, 50, and 52 were inadequate. (Dkt. No. 301.) The Court continued the conference on August 15, 2019 in order to adequately address all the issues raised by the parties. (Dkt. Nos. 302.) After hearing further argument by counsel on August 15, 2019, the Court took the matters raised at both conferences under submission for decision. (*Id.*).

### LEGAL STANDARD

Under Rule 26 of the Federal Rules of Civil Procedure, a party may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). As amended in December 2015, Rule 26(b)(1) identifies six factors to be considered when determining if the proportionality requirement has been met, namely, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Relevant information need not be admissible to be discoverable. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:18-cv-01844-GW-KS (Lead), 2:18-cv-02693-GW-KS        Date: August 20, 2019

Title     *BlackBerry Limited v. Snap, Inc.*

District courts have broad discretion in controlling discovery.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  A magistrate judge has discretion to resolve a discovery dispute through informal conference without a formal motion. *See* FED. R. CIV. P. 16, Advisory Committee Notes to 2015 Amendment ("Many judges who hold such conferences find them an efficient way to resolve most discovery disputes without the delay and burdens attending a formal motion, but the decision whether to require such conference is left to the discretion of the judge in each case.").

### BLACKBERRY'S DISCOVERY RESPONSES

### A.  BlackBerry's Must Supplement its Document Production in Response to Snap's RFPs.

Snap contends that BlackBerry's production of documents inadequate in response to RFP Nos. 12, 94, 95 and 97, which seek documents relating to BlackBerry's overall financial condition and value, and the role of patent licensing and patent monetization in BlackBerry's overall business strategy. [2]

BlackBerry objects, first, that the "monetization" documents that Snap seeks are not relevant because "the role of patent licensing and patent monetization in its overall strategy" is not one of the fifteen *Georgia Pacific* factors used to establish the reasonable royalty in patent infringement cases. *See Georgia-Pacific Corp. v. U.S. Plywood Corp,* 318 F. Supp. 1166, 1120 (S.D.N.Y. 1970).  Next, BlackBerry argues that it has agreed to search for and produce non-privileged documents relating to its Intellectual Property ("IP") strategy and represents that it will produce the ESI from a Senior Director in its licensing group no later than a week before his August 30 deposition.  Further, BlackBerry contends that it has already produced extensive documents relating to its overall financial condition, including public SEC-regulated financial reports, analyst reports, dozens of "MBR Financial Review" presentations which include company-wide revenues, margins, earnings, cash headcount, P&L and spend.

However, during the discovery conference with the Court on August 14, 2019, counsel for BlackBerry acknowledged that BlackBerry has not searched for any Board of Director Minutes that may discuss the company's financial condition, including any restructuring strategy.  After further discussion with the parties, the Court noted that despite other documents BlackBerry may have produced concerning its financial condition, BlackBerry's Board of

---

[2]     The parties did not attach the specific discovery requests and responses to their joint email status report submitted  to the Court of August 9, 2017 that outlined the parties' positions with respect to the discovery disputes to be addressed at the telephonic discovery conference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:18-cv-01844-GW-KS (Lead), 2:18-cv-02693-GW-KS     Date: August 20, 2019

Title     *BlackBerry Limited v. Snap, Inc.*

Director Minutes are also relevant and responsive to Snap's document requests. The Court directed BlackBerry to search for and produce responsive Board of Director Minutes for the period **January 1, 2012 through December 31, 2017.** The Court indicated that any responsive minutes may be produced with redactions of wholly unrelated, non-responsive information.

Snap also argued that BlackBerry has not produced documents relating to its "patent licensing program", including documents sufficient to show the reasons for establishing the Intellectual Property and Licensing ("IP&L") Department. Snap complains that documents discussing BlackBerry's IP licensing and that detail BlackBerry's policies regarding its IP licensing are largely absent from BlackBerry's production. Snap argues that such documents are relevant to the reasonable royalty analysis in *George Pacific* factor number four. BlackBerry responds that Snap's RFPs concerning patent licensing policies and procedures are overbroad insofar as BlackBerry has more than 35,000 patents. Nevertheless, BlackBerry indicated that will be producing additional documents related to the IP& L Department by August 23, 2019. The Court limited the time frame for responsive documents on this issue to January 1, 2012 through December 31, 2017.

**B.  BlackBerry's Damages Supplemental Disclosures**

   **1.  The Parties' Positions**

Snap argues that BlackBerry's Rule 26 Initial Disclosures regarding its patent damages and its response to Snap's Interrogatory No. 6 regarding the basis for the damages it seeks are insufficient under prevailing case law regarding the particularity required for initial damages disclosures in patent infringement actions. (Snap's Letter Br. 2 [Dkt. No. 291].) BlackBerry responds that it has twice supplemented its Initial Rule 26 Disclosures and has "provided its currently-available damages information in a fulsome thrice-supplemented its response to Snap's [Interrogatory No. 6] seeking BlackBerry's damages contentions." (BlackBerry Letter Br. at 3; and *see* Exs. C, D [Dkt. No. 292].)

BlackBerry argues that its

> interrogatory response now includes, on a patent-by-patent basis, a detailed description of BlackBerry's damages theories, the type of information supporting those theories, and the witnesses who may testify on damages-related issues. Blackberry's response also identifies thousands of documents that BlackBerry may use to support its damages case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:18-cv-01844-GW-KS (Lead), 2:18-cv-02693-GW-KS       Date: August 20, 2019

Title      *BlackBerry Limited v. Snap, Inc.*

(*Id.* at 1.)

### 2. BlackBerry's Initial Disclosures

BlackBerry has twice supplemented its Rule 26 Disclosures on its damages and supplemented its response to Snap's Interrogatory No. 6 three times. In its Initial Disclosures dated July 31, 2018, BlackBerry provided no information at all regarding its computation of damages, stating "BlackBerry is unable to fully compute its damages . . . because it has not yet obtained discovery nor consulted with a damages expert[.]" (BlackBerry Letter Br., Ex. B at p. 8.) In its Supplemental Rule 26(a)(1) Initial Disclosures dated December 21, 2018, BlackBerry restated its original response that it was unable to compute its damages because it had not next consulted with an expert, but BlackBerry added that it "intends to seek at a minimum a reasonable royalty for the use made of its inventions by the accused products identified in the complaint and as appropriate in discovery." (*Id.*, Ex. C at 8-9.)

In the Second Supplemental Rule 26(a)(1) Initial Disclosures, BlackBerry responded "regarding the computation of damages, BlackBerry incorporates by reference its response to Snap's Interrogatory No. 6, including all supplemental responses." (*Id.*, Ex. D at p. 9.) Snap, with its Letter Brief, attached BlackBerry's Sixth Supplemental Objections and Responses to Snap's First Set of Interrogatories (Nos. 1-6, Supplementing No. 6) as of August 13, 2018. (Snap Letter Br., Ex. 2 [Dkt. No. 291-2].)

### 3. BlackBerry's Supplemental Responses to Snap's Interrogatory No. 6

Snap's Interrogatory No 6 states:

> State in detail, the basis for Your contention that Snap has caused and will cause injury and/or damages to You, describe the amount and methodology employed in calculating those damages (including by identifying whether You seek lost profits, reasonable royalty, or some other theory and basis for your theory), state each fact relevant to that contention, and identify each witness with knowledge of those facts and each Document Referring or Relating to those facts.

(*Id.*, Ex. 2 at 7.) BlackBerry's Supplemental Response includes its First Supplemental Response of July 10, 2019 that states "Damages in this case should be awarded based on a measure of BlackBerry's lost profits and/or the application of a reasonable royalty to the Defendants' making, using, distribution, and sales of the accused instrumentalities." (*Id.* at 8.) The response goes on to list "numerous factors" on which the amount of "the royalty rate that should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:18-cv-01844-GW-KS (Lead), 2:18-cv-02693-GW-KS       Date: August 20, 2019

Title   *BlackBerry Limited v. Snap, Inc.*

awarded will be based." (*Id.*)  BlackBerry states it "may rely on one or more license agreements as evidence of the rates paid by Defendants in patent license and settlement agreements that may involve comparable technology or the rates received by BlackBerry from other licenses to the asserted patents." (*Id.* at 9-10.)  BlackBerry goes on to state that the "[t]he determination of which license agreements involve comparable technology and how the agreement impacts the appropriate measure of damages requires expert analysis.  BlackBerry will identify any such agreements in connection with its expert reports[.]" (*Id.*)

BlackBerry's Second Supplemental Response to Interrogatory No. 6, adds more detail to its response by providing contentions regarding the date that Snap first infringed each Patent-in-Suit and including identical lengthy narratives about the *Georgia Pacific* factors as the basis for alleged damages its seeks for past infringement each Patent-in-Suit and lists potential witnesses who may testify as to the damages that BlackBerry will claim for each Patent-in-Suit.  (*Id.* at 11-30.)  BlackBerry then lists, by bates-identifier, hundreds of documents produced by Snap that "it may rely on" in establishing its damages claims.  (*Id.* at 30-35.)  The supplemental response includes no computation of damages.

In its Third Supplemental Response to Interrogatory No. 6, BlackBerry incorporates its previous responses, again provides narrative responses reciting the *Georgia Pacific* factors it will use in computing its damages as to each Patent-in-Suit, includes a list of thousands of documents, and states "it may rely on at least the following documents produced by BlackBerry, Snap, or third parties, while reserving all rights to rely on additional documents that have already been produced or will be produced subsequent to this interrogatory response[.]" (*Id.* at 55; *and see generally* 35-93.)  By way of example, BlackBerry's disclosures regarding the alleged damages based on reasonable royalty rate for the '713 Patent currently reads as follows:

> **'713 Patent**
> BlackBerry seeks damages for past infringement that began as early as the date of first infringement identified above, as well as an ongoing royalty for any future infringement by Snap. Blackberry seeks willful infringement and/or enhanced damages, including but not limited to due to Snap's infringement following notice to Snap of Snap's infringement.  The appropriate measure of damages requires extensive expert analysis, and will be further detailed in BlackBerry's opening expert reports, incorporated by reference into this response.
>
> BlackBerry expects that it will seek damages based on a reasonable royalty based on Snap's making, using, distribution, and/or sales of the accused instrumentalities, as calculated by the result of a hypothetical negotiation using

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:18-cv-01844-GW-KS (Lead), 2:18-cv-02693-GW-KS     Date: August 20, 2019

Title    *BlackBerry Limited v. Snap, Inc.*

> the *Georgia-Pacific* factors. The royalty may take the form of a per-unit running royalty, lump-sum royalty, or combination of the two.
>
> BlackBerry expects that the amount of the royalty rate that should be awarded will be based on numerous factors, including but not limited to the advantages provided by the invention, such as the value of the invention to the Snap's products and services, including but not limited to the value of the invention to Snapchat's chat functionality (and, by extension, to the entire Snapchat application). The appropriate royalty may also be influenced by the demand for the invention by Snap's users and customers, the value of the invention in promoting the sales of Snap's other products, such as advertising within the Snapchat application, the extent of Snap's use of the invention, the success and popularity of Snap's accused products, and the portion of Snap's revenues and profits attributable to the use of the invention. BlackBerry will rely on one or more experts to analyze facts relating to at least the above factors in order to determine an appropriate royalty rate.

(Id. at 36.) BlackBerry goes on to list in bullet point format, "[f]acts that may be relevant to analysis of the alleged reasonable royalty rate" but these facts are simply a recitation of the *Georgia Pacific* factors. For example, some of the "facts" that BlackBerry lists for the '713 Patent are:

> - The claimed inventions provide substantial improvement in, among other things, user interface/experience, including but not limited to with respect to the chat functionality of the Snapchat application.

and

> - These improvements provided by the claimed inventions have driven customer demand for products, such as the Snapchat application, that use the invention.

(*Id.* at 36-37.) A similar, if not identical, response is repeated for each of the Patents-in-Suit. (*Id.* at 37-93.) But the third Supplemental Response does not include any computation of damages and does not anywhere identify any BlackBerry products on which its alleged damages, including lost profits, may be based.

   Snap objects that, notwithstanding Blackberry's multiple and lengthy supplemental discovery responses, BlackBerry's damages disclosures, as incorporated by reference from its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:18-cv-01844-GW-KS (Lead), 2:18-cv-02693-GW-KS           Date: August 20, 2019

Title   *BlackBerry Limited v. Snap, Inc.*

response to Interrogatory No. 6 into its Second Supplemental Initial 26 Disclosures, are "severely lacking in actual substance." (Snap Letter Br. at 1.) Snap contends that BlackBerry's disclosure does not permit "a firm understanding of the nature or extent of BlackBerry's damages for each of the patents-in-suit" and "[r]elevant caselaw flatly rejects BlackBerry's position that Snap should have to wait until BlackBerry's expert explains the basis and method for calculating damages." (*Id.*)

### 4. Detail Required in Initial Disclosures re: Computation of Patent Damages

Rule 26(a)(1)(A) states that a party must, "without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party." FED. R. CIV. P. 26(a)(1)(A)(iii). Further, Rule 26(a)(1)(E) states that a party must make its initial disclosures "based on the information then reasonably available to it." FED. R. CIV. P. (26)(a)(1)(E). Courts in this Circuit consistently require parties alleging patent infringement to provide damages computations for each category of damages on a patent-by-patent basis and require fulsome responses to a contention interrogatory on damages. *See Brandywine Comm'ns Techs. LLC v. Cisco Sys., Inc.*, No. C 12-01669-WHA, 2012 WL 5504036, at *1. (N.D. Cal. Nov. 13, 2012).

In *Brandywine*, after first noting the "mandatory and self-executing initial disclosure requirements" of Rule 26(a)(1)(A)(iii), the court held that with respect to both lost profits and reasonable royalty damages, a party must "at the outset of the litigation" state "the extent of loss of its own sales of its own products in an approximate dollar amount and state how that amount was calculated." *Brandywine,* 2012 WL 5504036, at * 1. The court reasoned that to the extent Brandywine was seeking lost profits damages,

> It should be able to identify each of *its own products* that compete (or have competed) with the accused products and explain how sales *of its own specified products* have been affected by the alleged infringement. This can and should be done even though discovery will produce more precise sales records for the accused products that will allow later for more accurate updates of estimates of lost profits.

*Id.* (emphasis added). The court was no less specific with respect to the disclosures required for damages based on a reasonable royalty:

> As for a reasonable royalty, *as to each accused product*, Brandywine should already be in a position to state the claimed royalty rate and state the claimed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:18-cv-01844-GW-KS (Lead), 2:18-cv-02693-GW-KS         Date: August 20, 2019

Title      BlackBerry Limited v. Snap, Inc.

> royalty base, and then multiply the two for a total, specifying the information by year. *This can and should done now* even though subsequent discovery may eventually warrant a modification of the calculation.

*Id.* at 2 (emphasis added). The district court found that "a reasonable view" of Rule 26(a)(1)(A)(iii) requires that the patent plaintiff's computation should call out "the particular materials relied on and identify them in some plausible way so as to clarify the basis for the disclosed computations." (*Id.*) Moreover, the court held that with respect to the first two factors, "a patent holder should already know the royalties it . . . received for licensing its own patent in suit and it should already know at least some of the license agreements it contends are comparable." (*Id.*) The fact that some information may not be yet known "does not excuse non-disclosure of what is or should be known." *Id*. at 3.

In *THX, Ltd. v Apple, Inc.*, also a patent infringement action, Apple moved to compel THX to supplement its initial disclosures on damages pursuant to Rule 26(a)(1)(A)(iii) and to supplement its response to an Interrogatory No. 6, nearly identical to Snap's Interrogatory No. 6, that called for damages-related information. *THX, Ltd. v Apple, Inc.*, Case No. 13-cv-001161-HSB (DMR), 2016 WL 2899506, at * 6 (N.D. Cal. May 13, 2016). As BlackBerry did here, THX's initial disclosures stated it intended to seek a reasonable royalty for its patents and it incorporated by reference its interrogatory into its damages disclosure. *Id.* Also, like BlackBerry's disclosures, THX's response made "additional statements about factors or information THX may consider relating to the calculation of damages, but [did] not provide clear answers about the basis, measure and proper calculation of damages it seeks in this litigation." *Id.* The court concluded

> THX's disclosure and responses are insufficient, for they do not provide any specifics as to THX's basis for damages in this case. Court in this district have compelled patent plaintiffs to provide the factual bases for their damages claim through initial disclosures and written discovery, over protestations that responsive information will be forthcoming through expert reports.

*Id.* at *7 (citing *Corning Optical Commc'ns Wireless Ltd. v . Solid, Inc.*, 306 F.R.D. 276, 279 (N.D. Cal. 2015)). Consequently, the court ordered THX to supplement its response to "Apple's damages-related Interrogatory No. 6 and its damages-related disclosures." *Id*. at *8.

The reasoning in *Brandywine* and *THX* require similar results here.
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:18-cv-01844-GW-KS (Lead), 2:18-cv-02693-GW-KS       Date: August 20, 2019

Title   *BlackBerry Limited v. Snap, Inc.*

### 5.  BlackBerry's Disclosures Remain Deficient Under *Brandywine* and *THX*

Snap contends that even as the August 30 deadline for the close of fact discovery approaches, it is "still left with no real sense of how much is at issue in this case, which damages theories BlackBerry is pursuing for each patent, or the factual basis and underlying evidence supporting BlackBerry's damages theories." (*Id.*)  Indeed, the Court's review of BlackBerry's supplemental disclosures and its most recent supplemental response to Interrogatory No. 6 reveals that BlackBerry has provided no computations whatsoever of its damages, has not identified a single product on which it intends to base its lost profits damages, and has not specifically identified a single of its own license agreements on which it may base its reasonable royalty claim for any of the Patent-in-Suit.  This is precisely the type of damages disclosure that courts found to be deficient in *Brandywine and THX*.

Blackberry protests that it has provided in-depth descriptions of the types of damages it seeks and identified thousands of documents and numerous witness who may have information related to its damages claims.  (BlackBerry Letter Br. at 3.)  Blackberry also complains that it cannot provide the required disclosure information because "Blackberry is waiting for Snap to produce damages-related documents." (*Id.* at 2.)  Blackberry doth protest too much.  Blackberry does not need Snap to provide information about BlackBerry's *own* products that are the source of alleged lost profits or Blackberry's *own* licensing agreements that may form the basis for its reasonable royalty analyses.

Blackberry also objects that it cannot disclose any more detail about its alleged damages without providing portions of its yet incomplete expert analyses.  (BlackBerry Letter Br. at 3.)  But Blackberry must have *some* factual information that it is providing to its expert in order for the expert to make his or her damages analyses.  It is the expert's draft opinion is protected from disclosure, not underlying factual information on which that opinion may be based.  FED. R. CIV. P. 26(b)(4)(B).

BlackBerry cannot "hide the ball" with respect to its alleged damages by contending that all of the factual bases relating to its damage claims are solely within the province of its expert analyses to be revealed at a later date.  With just two weeks remaining before the close of fact discovery, the later date is now.  Furthermore, BlackBerry's position directly contravenes the purpose of Rule 26 initial disclosures.  *See, e.g., City & County of San Francisco v. Tutor-Salba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) ("Plaintiff should provide its assessment of damages in light of the information currently available to it in sufficient detail so as to enable each of the multiple Defendants in this case to understand the contours of its potential exposure and make informed decisions as to settlement and discovery.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:18-cv-01844-GW-KS (Lead), 2:18-cv-02693-GW-KS        Date: August 20, 2019

Title          *BlackBerry Limited v. Snap, Inc.*

Neither the number of supplementations nor the number of pages in BlackBerry's supplemental interrogatory response is dispositive here. It is the *substance* of the response that matters. Without even an approximate computation of tis damages or any identification of specific products, or agreements on which a reasonable royalty will be based, BlackBerry's damages disclosures remains wholly deficient. As discussed above, Rule 26(a) and well settled caselaw in this Circuit require that a patent plaintiff disclose *during fact discovery* the information it has available to it regarding its damages and at least an estimated computation of the amount of those damages.

Accordingly, BlackBerry must, within seven (7) days of the date of this Order, supplement its Initial Disclosures and its response to Snap's Interrogatory No. 6 with information currently available to it, including a computation, even if estimated, of its damages.

**DISPUTES RE: SNAP'S DISCOVERY RESPONSES**

**A. Document Production in Response to BlackBerry RFP Nos. 5, 50, 52 and 80**

Blackberry contends that Snap's responses to BlackBerry's RFP Nos. 50, 52, and 80, which seek documents relating to the geo-targeting advertising functionality, are inadequate. (*See* Dkt. No. 302.) At the discovery conference held on August 15, 2019, Snap represented that it had produced additional documents responsive to these requests on August 9, 2019 and would make a further production on August 16, 2019. (*Id.*) Accordingly, the Court declines to order any additional production of documents in response to these requests until BlackBerry can review these additional productions.

BlackBerry also raised a concern regarding Snap's response to Blackberry's RFP No. 5, which sought documents regarding certain test results. On August 19, 2019, the parties notified the Court that they have resolved this issue. Accordingly the dispute regarding Snap's production of documents in response to BlackBerry's RFP No. 5 is now moot.

**B. BlackBerry's Interrogatory No. 12 re: Snap Damages**

BlackBerry complains that Snap has failed to provide a response to BlackBerry's Interrogatory No. 12, which seeks information concerning Snap's damages:

Interrogatory No. 12 (April 9, 2019):
Set forth all factual and legal bases for your contentions and defenses regarding damages, including (1) the damages amount; (2) methodology of calculating that amount (e.g.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:18-cv-01844-GW-KS (Lead), 2:18-cv-02693-GW-KS          Date: August 20, 2019

Title         *BlackBerry Limited v. Snap, Inc.*

> reasonable royalty or some other measure); (3) the nature and amount of the royalty base (including all products and acts that comprise the royalty base); (4) the date of the hypothetical negotiation; (5) the nature of and basis for any apportionment methodology for calculating damages; (6) the royalty rate for calculating damages, including Your position on each Georgia Pacific factor; and (7) any written or oral license agreements, cross-licenses, settlement agreements, and incoming and outgoing offers to enter into license agreements that You contend may be relevant to calculation of damages, including description of all facts supporting such contentions.
>
> <u>Snap's Response (May 9, 2019)</u>: Blackberry has the burden of proof on damages. BlackBerry has refused to provide a substantive response to Snap's Interrogatory No. 6, which asks for BlackBerry's damages contentions, and has also failed to provide a fulsome response to other interrogatories related to damages. Because of BlackBerry's insufficient discovery responses, Snap has not yet received enough information to respond to this Interrogatory, Snap will respond to this Interrogatory at the appropriate time after it has received sufficient information from BlackBerry.

(*See* BlackBerry Letter Br. at 4.)  For all the reasons discussed above with respect to BlackBerry's deficient response to Snap's damages-related interrogatory No. 6, Snap's response to BlackBerry's Interrogatory No. 12 is similarly deficient.  Snap must supplement its response to Interrogatory No. 12 with adequate detail based on the information currently available to it.

Consequently, Snap must, within seven (7) days of the date of this Order serve its supplemental response to BlackBerry's Interrogatory No. 12.  Both BlackBerry and Snap are cautioned that the failure to provide sufficient disclosures regarding their alleged damages could put them at risk of preclusion going forward.  *See, e. g., Spin Master, Ltd. v. Zobmondo Entertainment, LLC*, Case Nos. CV 06-3459 ABC (PLAx), CV 07-0571 ABC (PLAx) (noting "Rule 37(c)(1) 'gives teeth' to Rule 26a) and (e)'s requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.") (internal quotation and citations omitted).

**CONCLUSION**

For the reasons outlined above, BlackBerry must within **seven (7) days of the date** of this Order: (1) produce responsive Board of Director Minutes discussing BlackBerry's financial condition, including plans for restructuring, for the period January 1, 2012 through December 21, 2017; (2) serve supplemental Initial Disclosures with regard to its damages contentions that provide the specificity required under *Brandywine* and *THX* and "computations" of its alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:18-cv-01844-GW-KS (Lead), 2:18-cv-02693-GW-KS   Date: August 20, 2019

Title      *BlackBerry Limited v. Snap, Inc.*

damages as required by Rule 26(a) based on information currently available to it; and (3) supplement its Response to Snap's Interrogatory No. 6 to provide a complete response regarding its damages computations based on information currently available to it.

      Likewise, Snap must, **within seven (7) days** of the date of this Order, serve a supplemental response to BlackBerry's Interrogatory No. 12 providing a complete response regarding its damages contentions that provides the specificity required under *Brandywine* and *THX* and "computations" of its alleged damages as required by Rule 26(a) based on information currently available to it.

**IT IS SO ORDERED**.

|  | : |
|---|---|
| **Initials of Preparer** | gr |